William M. Symmes, ISB No. 5180
Amy M. Mensik, *Pro Hac Vice*
WITHERSPOON KELLEY
422 W. Riverside Ave., Suite 110
Spokane, WA  99201-0300
Telephone:     (509) 624-5265
Facsimile:      (509) 458-2728
Email: wms@witherspoonkelley.com
Email: amm@witherspoonkelley.com

*Attorneys for Defendant, Sunshine Minting, Inc.*

Erika Birch, ISB No. 7831
Kathryn Harstad, ISB No. 8417
STRINDBERG & SCHOLNICK, LLC
1516 W. Hays Street
Boise, ID  83703
Telephone:    (208) 336-1788
Facsimile:     (208) 287-3708
Email:   erika@idahojobjustice.com
            kass@utahjobjustice.com

JILLIAN T. WEISS, *Pro Hac Vice*
Law Office of Jillian T. Weiss, P.C.
527 Hudson Avenue
P.O. Box 20169
New York, NY  10014
Phone: (845) 709-3237
Fax: (419) 794-8991
Email:    jweiss@jtweisslaw.com

*Attorneys for Plaintiff, Rylie Evans*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RYLIE EVANS,<br><br>              Plaintiff,<br><br>v.<br><br>SUNSHINE MINTING, INC.,<br><br>              Defendant. | Civil Action No. 2:18-cv-359-BLW<br><br>**STIPULATED MOTION TO MODIFY CASE MANAGEMENT ORDER** |

**STIPULATED MOTION**

**A.     RELIEF REQUESTED.**

The Parties have conferred and hereby jointly stipulate and move for Court to modify the current Case Management Order by 60 days as set forth and for the reasons provided below.

1. **Dispositive Motion Deadline**:  All dispositive motions filings, including motions for punitive damages, move from August 16, 2019 to **October 16, 2019.**

2. **Alternative Dispute Resolution**:  ADR deadline to move from being held by March 8, 2019, to having it scheduled by no later than **April 1, 2019,** to be held no later than **May 1, 2019** .  The Parties are directed to contact Wendy Messuri at (208) 334-9327, to schedule the conference.

3. **Completion of Fact Discovery**:  Move from July 1, 2019 to all fact discovery being completed by **September 3 2019.**

4. **Expert Discovery**:  Modify from current deadline of August 9, 2019 to **October 9, 2019**.

    a. Plaintiff's Expert Disclosures:  Move from May 3, 2019 to **July 3, 2019**.

    b. Defendant's Expert Disclosures:  Move from June 3, 2019 to **August 5 2019**.

    c. Plaintiff's Rebuttal Expert Disclosures:  Move from June 21, 2019 to **August 21, 2019**.

5. **Other Case Management Deadlines:**  The Parties are not proposing any other changes to the current Case Management Order.

B. GROUNDS FOR RELIEF.

*1.    Background of Case.*

Plaintiff's allegations initially were filed as part of a charge with the EEOC on March 26, 2015.  The matter took over three years to resolve with the issuance of a Right-to-Sue letter in May 2018.  Plaintiff filed suit in this Court in August 15, 2018 (ECF No. 1), but the Complaint was not served on Defendant until September 13, 2018 (ECF No. 6).  Plaintiff thereafter filed and served her First Amended Complaint on October 2, 2018 (ECF No. 13), and Defendant

STIPULATED MOTION TO MODIFY CASE MANAGEMENT ORDER -2

answered on October 17, 2019 (ECF No. 17).  The Case Scheduling Conference was held on November 5, 2019 and the related Case Management Order ("CMO") entered on November 7, 2018 (ECF No. 23).

The Parties duly exchanged initial disclosures a little over a month later in mid-December 2018.  Since that period, the Parties have been engaging in necessary written discovery in preparation for depositions.  Neither party has been dilatory, and both have worked cooperatively and professionally in moving this case forward.

The Parties also are looking to utilize either the Court's magistrate services or a private mediator to explore the feasibility of settlement before engaging in expensive deposition and motion practice.  However, to fulfill this objective the Parties submit they need slight relief from the current CMO for the following reasons, all of which demonstrate good cause:

1. The Parties have been diligently working this case and neither have been dilatory in their efforts to move this case forward.

2. Lead counsel for Defendant is expecting her first child and is due March 30, 2019.  In anticipation of her child's arrival, she is actively attempting to coordinate and address numerous matters in addition to this matter.  She will then be on maternity leave thereafter for 2 to 3 months.  She is who handled the matter at the EEOC level and has the majority of the knowledge gained by the client's investment in the case to date and is client's chosen counsel.  Under the current CMO, counsel will be constrained to work while on maternity leave to avoid the added expense of temporarily using other counsel to move the case through the critical phases of trial preparation.  The modest continuation suggested herein balances both the interest of Defendant's right to have chosen counsel with Plaintiff's right to a speedy and cost-effective resolution of this matter.

STIPULATED MOTION TO MODIFY CASE MANAGEMENT ORDER -3

3.	Since the original initiation of this matter was over three years ago (with the EEOC), most if not all of those potential witnesses with relevant knowledge of the facts have left the employ of Defendant and moved out of the area.  The whereabouts of some are still unknown.  Additional time will be needed to locate and contact these people.

4.	The Parties have engaged in informal settlement discussions and wish to explore a mediated resolution before having to fully invest in searching for potential witnesses who no longer work for the Defendant and who may no longer reside in the area.  Extending the deadlines will help facilitate further settlement discussion and mediation.  This is also true because Plaintiff's primary counsel lives in New York City, adding extra logistical obstacles to address.

5.	Defense counsel has been unable to communicate effectively with Defendant because primary client contact has been out on a medical leave since January 1, 2019.  This has hampered Defendant's ability to gain certain access to information being sought by Plaintiff in discovery

6.	The Parties previously have not sought any sort of a continuance in this matter.

7.	The Parties agree and stipulate that a continuance of the above-mentioned deadlines will have a minimal, but justifiable effect on the eventual trial date and in the long run will enhance the administration of justice for this case and not interfere with the just, speedy, and cost-effective resolution of this matter.

8.	There will be no prejudice from granting the requested relief because both Parties agree it enhances the efficient cost-effective resolution to this matter.

//

RESPECTFULLY SUBMITTED, this 22nd day of February, 2018.

| | |
|---|---|
| */s/ William M. Symmes* | */s/ Telephonically approved* |
| William M. Symmes, ISB No. 5180 | Erika Birch, ISB No. 7831 |
| Amy M. Mensik, *Pro Hac Vice* | Kathryn Harstad, ISB No. 8417 |
| WITHERSPOON • KELLEY | STRINDBERG & SCHOLNICK, LLC |
| 422 West Riverside Avenue, Suite 1100 | 1516 W. Hays Street |
| Spokane, Washington 99201-0300 | Boise, ID 83703 |
| Phone: (509) 624-5265 | Phone: (208) 336-1788 |
| Fax: (509) 458-2728 | Fax: (208) 287-3708 |
| Email: wms@witherspoonkelley.com | Email: erika@idahojobjustice.com |
| amm@witherspoonkelley.com | kass@utahjobjustice.com |
| | |
| *Attorneys for Defendant* | Jillian T. Weiss, *Pro Hac Vice* |
| | Law office of Jillian T. Weiss, P.C. |
| | 527 Hudson Avenue |
| | P.O. Box 20169 |
| | New York, NY 10014 |
| | Phone: (845) 709-3237 |
| | Fax: (419) 794-8991 |
| | Email: jweiss@jtweisslaw.com |
| | |
| | *Attorneys for Plaintiff* |

STIPULATED MOTION TO MODIFY CASE MANAGEMENT ORDER -5

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2019, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means through the ECF system or as more fully reflected on the Notice of Electronic Filing:

    Erika Birch, Attorney for Plaintiff
    Via ECF: erika@idahojobjustice.com

    Kathryn Kristin Harstad, Attorney for Plaintiff
    Via ECF: kass@utahjobjustice.com

    Jillian T. Weiss, Attorney for Plaintiff
    Via email: jweiss@jtweisslaw.com

and I further certify that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

    Via first class mail, postage prepaid addressed as follows:

        NONE

    Via certified mail, return receipt requested, addressed as follows:

        NONE.

        */s/ William M. Symmes*
        William M. Symmes
        Amy M. Mensik